[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On June 19, 1931, the plaintiff, American National Bank, filed a four count complaint against the defendants, Robert A. Ginsburg, Howard Hecht, Connecticut Bank and Trust Company, and Great Country Bank.
In count one, the plaintiff alleges that defendants Ginsburg and Hecht promised to pay plaintiff, by Term Note dated September 23, 1988, $2,000,000, plus interest as provided in the note, on September 1, 1990. The note was allegedly secured by mortgages, rents and profits of various commercial properties owned by Ginsburg and Hecht. Ginsburg and Hecht allegedly defaulted on the note on September 5, 1990. The plaintiff also alleges that Hecht, Connecticut Bank and Trust, and Great Country Bank may claim interests in the property securing the $2,000,000 note, but that such interests are subsequent to that of the plaintiff.
In count two, the plaintiff alleges that Ginsburg promised to pay the plaintiff, by Term Note dated March 14, 1989, $650,000 plus interest as provided in the note, on September 1, 1990. The note was allegedly secured by commercial property owned by Ginsburg in a manner similar to that securing the $2,000,000 note. Plaintiff alleges that Ginsburg defaulted on the note on September 5, 1990. Plaintiff also alleges that Hecht Connecticut Bank and Trust, and Great Country Bank may claim subsequent interests in the property securing the note.
In count three, the plaintiff alleges that Ginsburg promised to pay the plaintiff, by Term Note dated February 27, 1990, $200,000, plus interest as provided in the note, on September 1, 1990. This note is allegedly secured in a manner similar to the $2,000,000 and $650,000 notes. Subsequent interests similar to those alleged in counts one and two are also alleged.
Count four repeats the allegations of count one, the difference being that in count one the plaintiff seeks foreclosure of the property securing the $2,000,000 note, while in count four the plaintiff seeks money damages. Counts two and three also seek foreclosure. All counts seek attorney's fees, interest and costs, which were provided for in each of the three notes. CT Page 1193
On November 14, 1991, defendant Ginsburg filed an answer, eleven special defenses, and a five count counterclaim. In the fourth count of the counterclaim, the defendant alleges, by incorporating paragraphs 1-26 of the first special defense, and paragraphs 27 and 28 of the tenth special defense, that the plaintiff's bad faith and unconscionable and inequitable acts constitute a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110b, et seq. Ginsburg claims actual damages, costs and attorney's fees under 42-110q of CUTPA.
On December 24, 1991, the plaintiff filed a motion to strike defendant Ginsburg's fourth count of his counterclaim and all claims for relief pursuant to CUTPA.
As the ground for this motion, the plaintiff maintains that Ginsburg's allegations are legally insufficient in that CUTPA does not apply to banks in commercial transactions such as those alleged in the instant case.
Both parties have filed the requisite memoranda of law, in accordance with Practice Book 155.
"Whenever any party wishes to contest . . . (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief is granted . . . that party may do so by filing a motion to strike. . . ." Practice Book 152.
In its memorandum, the plaintiff first argues that as "a national banking corporation subject to the rules and regulations of the controller of the currency of the United States and National Banking Laws, Title 12 U.S.C.", it qualifies as an exception to the application of CUTPA. See 42-110c(a)(1) (which excludes transactions otherwise permitted under law which are regulated pursuant to state or federal statutory authority).
The plaintiff's second argument springs from its first. The plaintiff concedes that there exists a split of authority at the superior court level as to whether CUTPA applies to banks. Plaintiff urges the court to follow the reasoning of the cases holding that CUTPA does not apply to banks generally; see Andrus v. Maloney, 7 CSCR 74 (January 13, 1992, Maiocco, J.); Bristol Savings Bank v. Sattler, 4 CSCR 351 (March 29, 1989, Aronson, J.); or that CUTPA does not apply to banks when the transactions alleged are not consumer-oriented; see Everest Inc. v. Advest Bank, 6 CSCR 800 (September 16, 1991, Wagner, J.); Economic Development Associates v. Cititrust, 6 CSCR 400 (April 15, 1991, Dranginis, J.). The facts allege banking transactions that are commercial in nature. CT Page 1194
This court adopts the reasoning of those courts which find that CUTPA does not apply to banks where the transaction is nonconsumer-oriented. The motion to strike the fourth count of defendant's counterclaim and related claims for relief are granted.
CURRAN, J.